IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 07-20167-09-KHV |
| HENRY GRIGSBY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

On February 1, 2008, a grand jury indicted Henry Grigsby with conspiracy to manufacture, possess with intent to distribute and distribute cocaine and crack cocaine in violation of 21 U.S.C. § 846 and using a cell phone in committing and facilitating the conspiracy in violation of 21 U.S.C. § 843. This case is before the Court on defendant's <u>Motion To Suppress Evidence Obtained From The Electronic Surveillance</u> (Doc. #257) filed October 29, 2008. On January 14, 2009, the Court held an evidentiary hearing. For reasons stated below, the Court overrules defendant's motion.

**Factual Background**

On August 1 and 30, 2007, as part of the investigation in this case, the government applied for and obtained orders authorizing interception of wire communications under 18 U.S.C. § 2518. Defendant seeks to suppress evidence of intercepted communications from target phone #1 (510-393-6129) and target phone #2 (913-206-7165). The wiretap applications for both phones correctly identified Alice S. Fisher, Assistant Attorney General, Criminal Division as the officer who authorized the applications under 18 U.S.C. § 2516(1). The wiretap applications and the Department of Justice ("DOJ") authorization letters for the applications referred to Attorney General ("AG")

Order No. 2758-2005, which designated certain Criminal Division officials to authorize applications for wiretaps. Effective July 4, 2007, some 27 days before the initial wiretap application in this case, the Attorney General signed a new authorization order, AG Order No. 2887-2007, which expanded the list of designated officials authorized to approve wiretap applications to include selected officials in the newly created National Security Division. The new authorization order did not change the Criminal Division officials who were authorized to approve wiretap applications. In issuing the new order, the Attorney General revoked AG Order No. 2758-2005, which the government relied on in the initial applications in this case.

## Analysis

Defendant argues that the government unlawfully intercepted wire communications on target phones #1 and #2 because (1) the government referred to an expired AG order in the wiretap applications and (2) the government did not establish necessity for the wiretaps.

**I.   Erroneous Citation Of Prior Authorizing Order**

Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("Title III"), 18 U.S.C. §§ 2510 et seq. governs the use of wiretaps. To obtain a wiretap authorization order, a law enforcement agent must file an application with a judge of competent jurisdiction. 18 U.S.C. § 2518(1). One of the DOJ officials designated in Section 2516(1) must authorize the application and the order issued pursuant to the application must identify that authorizing official. See 18 U.S.C. §§ 2518(1)(a), (4)(d). Section 2516(1) permits the following officers to authorize a wiretap application:

> The Attorney General, Deputy Attorney General, Associate Attorney General, or any Assistant Attorney General, any acting Assistant Attorney General, or any Deputy Assistant Attorney General or acting Deputy Assistant Attorney General in the Criminal Division or National Security Division specially designated by the Attorney

General.

18 U.S.C. § 2516(1).

A wiretap authorization order is presumed valid, and defendant bears the burden of proof to show otherwise. United States v. Mitchell, 274 F.3d 1307, 1309 (10th Cir. 2001). A defendant may seek to suppress evidence obtained through a wiretap on three grounds: (i) the communication was unlawfully intercepted; (ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or (iii) the interception was not made in conformity with the order of authorization or approval. 18 U.S.C. § 2518(10)(a)

In United States v. Chavez, 416 U.S. 562 (1974), the Supreme Court reviewed an order that named the Acting Assistant Attorney General as the authorizing official, even though the Attorney General had actually authorized the order. Id. at 573-74. The Supreme Court held that the order was "unlawful" under Section 2518(10)(a)(i) because it violated Section 2518(4)(d), which requires a wiretap order to specify the identity of the person authorizing the application. Even so, the Court noted that suppression was not required because the Title III provision which was violated "does not establish a substantive role to be played in the regulatory system." Chavez, 416 U.S. at 578. Similarly, in United States v. Giordano, 416 U.S. 505 (1974), the Supreme Court noted that suppression is only required under Section (10)(a)(i) if the government violates "any of those statutory requirements that directly and substantially implement the congressional intention to limit the use of intercept procedures to those situations clearly calling for the employment of this extraordinary investigative device." Giordano, 416 U.S. at 527; see United States v. Radcliff, 331 F.3d 1153, 1162 (10th Cir. 2003).

Defendant relies exclusively on Giordano. In Giordano, an application incorrectly stated that

it had been approved by the Criminal Division Assistant Attorney General when in fact the Executive Assistant of the Attorney General had approved it. The Supreme Court suppressed evidence of the wiretaps because the application was "in fact, not authorized by one of the statutorily designated officials." Giordano, 416 U.S. at 508. The Supreme Court reasoned that approval by DOJ officials "responsive to the political process," id. at 520, was a "critical precondition to any judicial order." Id. at 516.

Here, the DOJ error in citing an expired AG order, which conferred authority on the same Criminal Division officials as the subsequent order, is analogous to the error in Chavez. Citation to the particular order which designates certain officials "does not establish a substantive role to be played in the regulatory system" because the orders are substantively identical in naming the Criminal Division officials named and the individual who authorized the application in this case is authorized to approve such applications under both orders. Chavez, 416 U.S. at 577-78; see Radcliff, 331 F.3d at 1162-63 (order which listed by title every DOJ official with legal authority to authorize application violates Section 2518(4)(d) because it does not identify any one person; even so, facial insufficiency was technical defect that did not disrupt purposes of wiretap statute or prejudice defendant); United States v. Lawson, 545 F.2d 557, 562 (7th Cir. 1975) (technical violation of Section 2518(4)(d) does not require suppression); see also United States v. Donovan, 429 U.S. 413, 437 (1977) (evidence not suppressed where legislative history did not suggest that Congress intended specific requirement to play central, or even functional, role in guarding against unwarranted use of wiretapping or electronic surveillance) (citing Chavez, 416 U.S. at 578); cf. Giordano, 416 U.S. at 528 (suppression required when violated provision intended to play central role in statutory scheme).

An erroneous reference in a wiretap application to an expired designation order does not require suppression of evidence from the approved wiretaps. See <u>United States v. Lopez</u>, No. CR 06-00466 DDP, 2008 WL 2156758, at *2 (C.D. Cal. May 19, 2008) (stated individual had authority to approve application, whether under Ashcroft Order or Gonzales Order); <u>United States v. Tinnin</u>, No. 07-439, 2008 WL 1786991, at *9 (D. Minn. Apr. 17, 2008) (failure to correctly identify current designation order, "when in fact" official was currently designated to authorize application, does not warrant suppression); <u>United States v. Mainor</u>, No. 06-CR-140-01, 2007 WL 2702810, at *3 (E.D. Pa. Sept. 12, 2007) (application valid despite reference to expired AG order because authorizing official in fact had authority pursuant to valid AG order). The Court agrees substantially with the reasoning of <u>Tinnin</u> as follows:

> The fact is that a designated Criminal Division official authorized the application. Neither the expiration of Order No. 2758-2005 nor the issuance of Order No. 2887-2007 affected this fact. Thus, the failure to correctly identify the current designation order, "when in fact" the official was currently designated to authorize the application, does not warrant suppression. See <u>Chavez</u>, 416 U.S. at 571.
>
> Further, considering the overall statutory scheme, inclusion of and reference to the revoked designation order did not render the interception unlawful. The application conformed to 18 U.S.C. § 2518, which requires an application to state the authority of the applicant, the identity of the officer making the application, and the identify of the officer authorizing the application. <u>Id.</u> § 2518(1), (1)(a). The designation orders at issue did not change the authority or identity of the applicant or authorizing official; indeed, both orders granted the same Criminal Division officials the authority to approve wiretap applications. The application's mere reference to a revoked designation order, when a new order containing the same authorizations was in place, did not compromise the statutory scheme so as to make the interception unlawful.

<u>Tinnin</u>, 2008 WL 1786991, at *9.

For these reasons, the Court overrules defendant's motion to suppress based on the erroneous reference in the wiretap application to a prior authorizing order.

**II.     Necessity**

Defendant argues that the government did not establish necessity for the wiretaps of the two target phones. Each wiretap application must include "a full and complete statement" whether "other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). This rule is known as the "necessity" requirement. See United States v. Mondragon, 52 F.3d 291, 293 (10th Cir. 1995). In addition, the district judge issuing the wiretap order must find that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(3)(c). "Normal" investigative procedures include standard visual and aural surveillance, questioning witnesses and participants in the crime (including through the use of grand juries), search warrants and infiltration of criminal enterprises by undercover agents or confidential informants. United States v. Killingsworth, 117 F.3d 1159, 1163 (10th Cir.), cert. denied, 522 U.S. 961 (1997). The purpose of the necessity requirement is to ensure that wiretapping, which is relatively intrusive compared with other investigative methods, is not used in situations where traditional investigative techniques would be sufficient to expose the criminal activity. United States v. Edwards, 69 F.3d 419, 429 (10th Cir. 1995), cert. denied, 517 U.S. 1243 (1996). Evidence obtained through a wiretap order that does not meet the necessity requirement must be suppressed. 18 U.S.C. § 2518(10)(a).

As part of the necessity showing under Section 2518, the government is not required "to exhaust all other conceivable investigative procedures before resorting to wiretapping." Edwards, 69 F.3d at 429 (quotations omitted). Thus, in examining necessity challenges to wiretap orders, the Tenth Circuit has upheld the order where:

-6-

> (1) several investigatory methods had been utilized prior to resort to wiretapping; (2) normal investigative techniques had been frustrated by various problems local police were unable to overcome; (3) increased visual surveillance would have increased the possibility of detection; and (4) potential witnesses were unwilling to testify in court because of fear of reprisal.

United States v. Zapata, 546 F.3d 1179, 1186 (10th Cir. 2008) (quoting Edwards, 69 F.3d at 429-30).

Here, the affidavit in support of the applications notes that (1) physical surveillance had been attempted on numerous occasions with only limited success; (2) during surveillance, defendant looked in the direction of officers and shook his head as if he knew that law enforcement officers were watching him; (3) on one occasion, defendant spotted surveillance and drove well below the posted speed limit in an effort to terminate the surveillance; (4) on another occasion, defendant exited his vehicle, started to approach the officers and waved off a surveillance unit which was directly behind defendant's vehicle; and (5) without wiretaps, further surveillance would be of limited value because organization members would detect surveillance through their own counter-surveillance efforts or agents would be unable to successfully follow them. See Affidavit In Support Of Application For Order Authorizing Interception Of Wire Communications ¶¶ 61-66, attached as Exhibit 1 to Government's Response (Doc. #267) filed November 24, 2008. The affidavit also notes that members of the organization would be unlikely to associate with an undercover agent and that it would be very dangerous for an undercover agent to attempt to infiltrate the top end of the organization. See id., ¶ 67. The affidavit noted that some cooperating individuals and confidential sources had been used, but that they were unable to purchase or witness any purchases of cocaine or crack cocaine above street level distributors and that use of additional confidential informants would likely be unsuccessful. See id., ¶¶ 68-70. Finally, the affidavit noted that use of grand jury subpoenas, interviews of subjects or associates, pen registers and search warrants would be of

limited value and that wire communication interceptions is the best technique with a reasonable likelihood of securing evidence necessary for a successful prosecution.  See id., ¶¶ 71-77

The Court recognizes that the affidavit contains some boilerplate language and that additional factual detail could more persuasively establish the need for wiretaps.  Even so, the affidavit sufficiently gives "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous."  18 U.S.C. § 2518(1)(c); see Mondragon, 52 F.3d at 293.  In addition, the affidavit provides sufficient factual detail for the issuing judge to find that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous."  18 U.S.C. § 2518(3)(c); see Killingsworth, 117 F.3d at 1163.  The Court therefore overrules defendant's motion to suppress based on the necessity for the wiretaps.

**IT IS THEREFORE ORDERED** that defendant's Motion To Suppress Evidence Obtained From The Electronic Surveillance (Doc. #257) filed October 29, 2008 be and hereby is **OVERRULED**.

Dated this 17th day of February, 2009, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge