IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 07-20167-08-KHV |
| CHARLES R. SINGLETON, ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

On June 5, 2009, the Court sentenced defendant to 120 months in prison. That same day, the Clerk entered judgment. This matter is before the Court on defendant's letter (Doc. #491) which the Court received on June 24, 2009, and which the Court construes as a notice of appeal and as a motion for leave to appeal out of time.[1] Defendant states that he asked counsel to file an appeal, but that counsel refused to do so. For this reason and substantially those reasons stated in the motion,

---

[1] In his letter, defendant refers to 28 U.S.C. § 2255, but the Court declines to construe his letter as a motion under that statute because his direct appeal is pending. Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a Section 2255 motion while a direct appeal is pending. See United States v. Scott, 124 F.3d 1328, 1330 (10th Cir. 1997); United States v. Cook, 997 F.2d 1312, 1319 (10th Cir. 1993); Advisory Committee Note to Rule 5 of the Rules Governing § 2255 Proceedings. The Court need not address whether it has jurisdiction to entertain a motion under Section 2255 at this time, because it would decline to do so in any event. Compare United States v. Hurd, 176 F.3d 490, 1999 WL 285921, at *1-2 (10th Cir. May 7, 1999) (district court without jurisdiction to hear Section 2255 motion while appeal pending) with Advisory Committee Note to Rule 5 of the Rules Governing § 2255 Proceedings (no jurisdictional bar to Section 2255 motion pending appeal). Moreover, because defendant can re-file his motion after his direct appeal is concluded, he is not prejudiced by the Court's decision to decline to treat his letter as a Section 2255 motion. See United States v. Bey, 208 F.3d 227, 2000 WL 217059, at *2 (10th Cir. Feb. 21, 2000) (Section 2255 motion not successive motion where it was first Section 2255 motion filed after conclusion of direct criminal appeal).

pursuant to Fed. R. App. P. 4(b)(4), the Court hereby extends by 30 days the deadline for defendant to file a notice of appeal.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #491) which the Court received on June 24, 2009, and which the Court construes as a notice of appeal and as a motion for leave to appeal out of time, be and hereby is **SUSTAINED**.  The Clerk is directed to forward a copy of this order to the Tenth Circuit Court of Appeals.

Dated this 10th day of August, 2009, at Kansas City, Kansas.

                                                 s/ Kathryn H. Vratil  
                                                 KATHRYN H. VRATIL  
                                                 United States District Judge